

Payton B. Martinez
*Fellowship Attorney*
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Marciano Munoz-De La O

United States District Court
Eastern District of Washington
Honorable Rosanna M. Peterson

| | |
|---|---|
| United States of America, | No. 2:20-CR-00134-RMP |
| Plaintiff, | **Response to Supplemental Authority** |
| v. | |
| Marciano Munoz-De La O, | |
| Defendant. | |

The government provided the Court with a recent decision from the Southern District of Texas.[1] The government uses this decision for the proposition that a separate district court ruled adversely after having considered Dr. Kang's affidavit.[2] That case differs for two reasons:

1) The S.D. Tex. court did not have the benefit of several hours of testimony from Dr. Kang; and

2) The S.D. Tex. court lacked access to several key documents filed before this Court.[3]

The S.D. Tex. court was therefore working from a less-developed record. This less-developed record showed in the court's decision.

Most importantly, the S. D. Tex. court found there was no "evidence that the 100th Congress was motivated by a discriminatory intent in enacting the penalty provision in §1326(b) in 1988."[4] Before this Court, Dr. Kang testified as to the evidence that the 1988 Congress acted with racial animus when it amended §1326.[5]

---

[1] *U.S. v. Hernandez-Lopez*, S.D. Tex. Case no. 4:21-cr-440.

[2] ECF No. 89 at 1.

[3] The documents filed in this case but not before the Southern District of Texas are ECF Nos. 61-9, 61-10, 61-12, 61-17, 78-4, 78-6, 78-7, and 78-8. Those documents include records of congressional hearings in which Sen. McCarran used the racial slur "wetback," records of other Congresspeople making overtly racist statements, and testimony on the Senate floor that the 1988 amendment to §1326 would be counterproductive to immigration policy objectives.

[4] ECF No. 89-1 at 12.

[5] Notably, the government in this case has not suggested Mr. Muñoz must show Congress acted with racial animus when it amended §1326. Rather, the government argues Congress's amending

Response to Supplemental Authority

1

Also importantly, the S.D. Tex. court's limited discussion of Dr. Kang's affidavit focused on her acknowledgment that the 1952 Congress did not spend much time debating the recodification of §1326.[6] Before this Court, Dr. Kang testified that relative silence in the legislative record does not in any way preclude a finding of racial animus and detailed the evidence supporting her conclusion that the 1952 Congress did act with racial animus when it recodified §1326.

Finally, the S.D. Tex. court discounted Deputy Attorney General Peyton Ford's use of the racial slur "wetback" because Ford was not a member of Congress and therefore "his use of the racial epithet does not provide evidence of Congress's intent in reenacting §1326" in the McCarran-Walter Act.[7] The clear implication is that a Congressperson using a racial slur would be evidence of congressional intent. Before this Court, Dr. Kang testified that Sen. McCarran regularly called Latinxs "wetbacks" and that Rep. Walter was a member of a eugenicist organization.

In short, the findings of the S.D. Tex. court should not concern this Court. This Court has before it a significantly more fulsome record, with key evidence that was not before the S.D. Tex. court.

---

of §1326 is evidence that Congress would have enacted §1326 "regardless of any racially discriminatory motivation." ECF No. 64 at 26. That is, the government relies on the amendments only to carry its burden under *Arlington Heights* should the Court determine Mr. Muñoz has made his threshold showing of disparate impact and racial animus.

[6] ECF No. 89-1 at 8.
[7] ECF No. 89-1 at 9.

Dated: February 10, 2022.

s/ Houston Goddard
Houston Goddard, NY #4545851
Houston_Goddard@fd.org

s/ Payton B. Martinez
Payton B. Martinez, CO #55240
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
Payton_Martinez@fd.org

**Service Certificate**

I certify that on February 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney: Michael Ellis.

s/ Payton B. Martinez
Payton B. Martinez, CO # 55240