

Payton B. Martinez
*Fellowship Attorney*
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Marciano Munoz-De La O

United States District Court
Eastern District of Washington
Honorable Rosanna Malouf Peterson

| | |
|---|---|
| United States, | No. 2:20-cr-134-RMP |
| Plaintiff, | **Sentencing Memorandum** |
| v. | |
| Marciano Munoz-De La O, | |
| Defendant. | |

## I.   Introduction

Marciano Munoz-De La O is a hardworking, family-man who came to the United States to support his family. He accepts responsibility for his offense and has pleaded guilty to one count of reentry into the United States after deportation pursuant to 8 U.S.C. § 1326.[1] His sentencing hearing is set for June 6, 2022 at 11:00 a.m. The advisory Guidelines recommend a sentence of 0 to 6 months.[2] Mr. Ruiz respectfully requests the Court impose the following sentence:

1) time-served (6 days)[3];

2) a $100 special penalty assessment.

The reasons for this recommendation are set forth below.

## II.   Background

Mr. Munoz is a 53-year-old man with a sixth grade education. He was born in Bella Vista, Jalisco, Mexico, where he and his ten siblings were raised by their mother and father.[4] While Mr. Ruiz grew up in a loving and safe home, he felt an obligation to help his parents support the family. Mr. Munoz completed the 9th grade before

---

[1] *See* ECF No. 96 (Order Accepting Guilty Plea); see also ECF No. 23 (Indictment).

[2] ECF No. 100 (PSIR) at ¶ 91.

[3] Mr. Munoz was arrested on September 17, 2020 and released on September 23, 2020. *See* ECF No. 100 (PSIR) at ¶ 2.

[4] *See* ECF No. 100 (PSIR) at ¶ 74.

leaving school to begin working, and by age 19, he came to the United States in search of better opportunities.[5]

Mr. Munoz settled down in Washington, got married, and became the proud father of five U.S. citizen children—Carlos Castillo (28), Leslie (23), Anayeli (22), Edgar Eduardo (18), I. (16). Mr. Munoz is before the Court because, after being deported, he returned to the U.S. and rejoined his family—he worked hard to provide for his wife, children, and grandchildren.

### III.   Discussion

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment." *Koon v. United States*, 518 U.S. 81, 113 (1996).

The Court begins its sentencing inquiry by reviewing the applicable sentencing guidelines, which provide the district court with the "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Next, the Sentencing Reform Act requires that courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and then impose a sentence sufficient (but not greater than necessary) to achieve the goals of retribution,

---

[5] *Id.* at ¶¶ 75, 82.

deterrence, incapacitation, and rehabilitation. 18 U.S.C. §§ 3553(a), (a)(1)-(2). The suggested sentence of time-served is sufficient to achieve those goals.

### A. Applicable guideline range (§ 3553(a)(4)(A))

As calculated in Mr. Munoz's Presentence Investigation Report, the applicable guidelines range is 0 to 6 months and the guideline range for a term of supervised release is 1 year.[6]

### B. Mr. Ruiz's history and characteristics (§ 3553(a)(1))

Mr. Munoz is a family man—he built a life here, his kids were raised here, and the United States has been his home for the majority of his life. Mr. Munoz has been a proud part of the community in the United States since he was just 19. At the age of 14, Mr. Munoz began working in order to supplement his parents' income and just a few years later he came to the United States in search of greater opportunities. In his time in the United States, Mr. Munoz has worked hard doing installation, welding, landscaping, and general construction work.[7] Mr. Munoz prides himself on being a dedicated father and grandfather, friend, and employee.[8]

Mr. Munoz hopes to continue being a dedicated father and grandfather moving forward. He asks the Court to take into consideration the years he has spent as a

---

[6] *Id.* at ¶¶ 91-93.

[7] *Id.* at ¶ 85.

[8] *See* Exhibit 1 (Letter of Support).

Sentencing Memo
– 3 –

contributing member of this community, in addition to the two years he has spent on pretrial release without issue.

### C. Nature and circumstances of the offense (§3553(a)(1))

Mr. Munoz is before the Court for a violation of 8 U.S.C. § 1326. This is a victimless, nonviolent crime.

### A. Retribution (§ 3553(a)(2)(A))

As noted, a violation of 8 U.S.C. § 1326 is a nonviolent offense. The suggested sentence achieves sufficient retribution.

The Court could also consider the consequences of possible deportation, which would mitigate the amount of imprisonment necessary to punish Mr. Munoz. *See U.S. v. Mendez-Velarde,* 798 F.Supp.2d 1249 (D.N.M. 2011) (varying downward 80 months for myriad reasons, including the defendant's possible deportation following sentence).

### B. Deterrence (§ 3553(a)(2)(B))

General deterrence, i.e., the idea of sentencing Mr. Munoz to a harsher penalty to deter others—does not work. Research has shown that more often than not, individuals are unaware of the penalties others receive for crimes, meaning the sentence imposed in Mr. Munoz's case is unlikely to serve any deterrent purpose for others. *See* Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Justice 1,

28-29 (2006) (citing articles published in 1980, 1998, 1999, and 2003) (explaining that while *certainty* of getting caught and punished deters crime, all empirical research shows that harsher sentences do virtually nothing for general deterrence).

In terms of specific deterrence, in the event Mr. Munoz is eventually deported and reenters the United States illegally at some time in the future, his guideline range would likely be significantly higher due to now having this illegal reentry conviction on his record. The requested one year term of supervised release will provide an additional deterrent mechanism, as it further expands the possible exposure to criminal sanction Mr. Munoz could face.

### C. Rehabilitation (§3553(a)(2)(D))

No sentence the Court could impose would facilitate rehabilitation. The Bureau of Prisons does not offer meaningfully rehabilitative programming to undocumented noncitizens. *See, e.g.*, Jacob Schuman, Federal Prisons Don't Even Try to Rehabilitate the Undocumented, the Marshall Project (Oct. 17, 2017) (summarizing all of the programs from which undocumented noncitizens are excluded and noting that "[d]espite BOP's rehabilitative promises, the agency excludes [undocumented] prisoners from its best . . . vocational programs").[9] Therefore, the goal of providing

---

[9] Available at https://www.themarshallproject.org/2017/10/17/federal-prisons-don-t-even-try-to-rehabilitate-the-undocumented (last visited May 18, 2022).

access to educational or vocational training is better-served outside of a custodial context.

### IV. Conclusion

18 U.S.C. § 3553(a) directs a court to impose a sentence sufficient, but no greater than necessary, to punish, deter, and rehabilitate—taking into account both the Sentencing Guidelines and Mr. Munoz's personal history and characteristics—his lack of recent criminal history, and his hard work to provide for his family—he respectfully asks the Court to impose a sentence of time-served.

Dated: May 30, 2022.

Federal Defenders of Eastern Washington & Idaho
Attorneys for Marciano Munoz-De La O

s/ Payton B. Martinez
Payton B. Martinez, CO No. 55240
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
payton_martinez@fd.org

### Service Certificate

I certify that on May 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Michael J. Ellis.

<u>s/ Payton B. Martinez</u>
Payton B. Martinez, CO No. 55240
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
payton_martinez@fd.org
